## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **BRAYAN DAVID MACHUCA-MEJIA,** | § <br> § <br> § <br> § |
| *Petitioner*, | § <br> § |
| **v.** | § <br> § <br> § |
| **MARY DE ANDA YBARRA,** <br> *in her official capacity as Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement and Removal Operations*; <br> **JOHN DOE,** <br> *in his official capacity as Warden of the El Paso Service Processing Center*; <br> **KRISTI NOEM,** <br> *in her official capacity as Secretary of the United States Department of Homeland Security*;[1] <br> **TODD LYONS,** <br> *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; <br> **PAMELA BONDI,** <br> *in her official capacity as Attorney General of the United States*; <br> **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); and** <br> **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> **EP-25-CV-00641-DCG** <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |
| *Respondents*. | § <br> § |

## ORDER DENYING MOTION TO EXPEDITE

---

[1] The Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

For the following reasons, the Court **DENIES** Petitioner Brayan David Machuca-Mejia's Motion for an expedited ruling on his Petition for Writ of Habeas Corpus.[2]

## I.    BACKGROUND

As far as the docket reveals, Petitioner is currently in immigration detention.[3]  On December 10, 2025, Petitioner filed a Petition for Writ of Habeas Corpus challenging the legality of his continued detention.[4]

On January 24, 2026, Petitioner filed the instant Motion for an expedited ruling on his Petition.[5]  He argues that "[b]ecause [his] Petition is fully briefed and seeks relief from ongoing detention, expedited consideration is warranted."[6]

## II.    DISCUSSION

Petitioner isn't the only immigration detainee with a fully-briefed habeas corpus petition, however.  Based on a brief review of the docket, the Court estimates that the undersigned Judge has received 108 habeas corpus petitions from immigration detainees since June 1, 2025, and that 89 of those petitions currently remain pending.

---

[2] *See* Mot. Expedite, ECF No. 7.

[3] *See, e.g.*, Pet., ECF No. 1, at 2.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[4] *See id.* at 1–17.

[5] *See* Mot. Expedite.

[6] *See id.* at 3.

The Court further estimates that six of those 89 petitions have been pending for longer than Petitioner's. "Absent overriding interests (such as medical need), fairness considerations favor resolving older petitions before newer ones."[7]

Petitioner hasn't identified any exigent or unique circumstances that would justify deciding his Petition before habeas petitions that have been pending for longer.[8] The Court therefore declines to bump him to the front of the line.

### III.   CONCLUSION

Every one of the 89 petitions pending before the undersigned Judge demands careful consideration—which, unfortunately for the numerous litigants before this Court, takes time. Ideally, the El Paso Division would have more Judges and more resources to resolve the crushing number of immigration habeas petitions that the Division has received over the past nine months. Absent the resources to decide those petitions more quickly, however, the Court can only do its best. Regrettably, that means that Petitioner—just like the numerous other detainees awaiting a ruling on their respective habeas petitions—must wait his turn.

The Court therefore **DENIES** Petitioner's "Motion to Expedite" (ECF No. 7).

**So ORDERED and SIGNED this 23rd day of March 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[7] *See, e.g.*, Order Denying Motion to Expedite at 3, *Huanaga-Luna v. Bondi*, No. 3:26-cv-00462 (W.D. Tex. Mar. 19, 2026), ECF No. 11 (citation modified).

[8] *See* Mot. Expedite at 1–4.