**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRAYAN DAVID MACHUCA-MEJIA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** *in her official capacity as* Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement and Removal Operations; **JOHN DOE,** *in his official capacity as* Warden of the El Paso Service Processing Center (El Paso Camp East Montana); **KRISTI NOEM,** *in her official capacity as* Secretary of the United States Department of Homeland Security; **TODD LYONS,** *in his official capacity as* Acting Director of U.S. Immigration and Customs Enforcement; **PAMELA BONDI,** *in her official capacity as* Attorney General of the United States; **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE);** *and* **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** | § § § § § § § § § § § § § § § § § § | **EP-25-CV-00641-DCG** |
| | § | |
| *Respondents*. | § | |

## ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner Brayan David Machuca-Mejia ("Machuca-Mejia" or "Petitioner") challenges

his detention pursuant to 28 U.S.C. § 2241.[1] Petitioner argues that he is detained under 8 U.S.C.

§ 1226(a) (and thus eligible for bond),[2] while Respondents argue that Petitioner is detained under

---

[1] *See generally* Pet., ECF No. 1.

[2] *See id.* at 15 (arguing that "Petitioner is properly detained, if at all, under 8 U.S.C. § 1226(a)").

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

8 U.S.C. § 1225(b)(1) (and thus ineligible for bond).[3] After the Petition and Response were filed in this case, the Fifth Circuit issued an opinion that potentially complicated the parties' positions on the applicable detention statute.[4] The Court therefore **ORDERS** supplemental briefing from both parties.

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."[5] Petitioner was apprehended shortly after entering the country, then released on parole before being re-detained.[6] The question, therefore, is whether *Buenrostro-Mendez* suggests that, if a "mandatory" detention provision *does* apply here, it would be § 1225(b)(2) (rather than (b)(1), as Respondents argued in their initial briefing).[7]

The Court also recognizes that the Government may have issued a final order of removal against Petitioner since the parties completed their briefing on the Petition. If so, that could affect

---

[3] *See* Resp., ECF No. 5, at 2 (arguing that "[Petitioner] is properly described under [8] § 1225(b)(1)(A)(iii)(II)").

[4] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[5] *Id.* at 500.

[6] Pet. at 2.

[7] *See Buenrostro-Mendez*, 166 F.4th at 500 ("[T]he BIA explained that '[r]emaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an admission.'").

*Cf. Alvarez-Rico v. Noem*, No. 4:26-CV-00729, 2026 WL 522322, at *3 n.4 (S.D. Tex. Feb. 25, 2026) (observing the "factual differences between Alvarez-Rico's circumstances and those of the *Buenrostro* petitioners," but "assum[ing] without deciding that Alvarez-Rico falls within the category of noncitizens who are subject to § 1225(b)(2)'s detention regime under *Buenrostro*.").

the analytical framework that applies to the Petition.[8] Accordingly, the Court also **ORDERS** the parties to inform the Court whether the Government has now issued a final order of removal against Petitioner.

The Court therefore **ORDERS** that no later than **<u>Tuesday, March 31, 2026</u>**, the parties **SHALL** inform the Court of:

1) whether their respective positions on the applicable detention statute have changed in light of *Buenrostro-Mendez*; and

2) whether a removal order has been entered against Petitioner, and if so, whether it has become final.[9]

So ORDERED and SIGNED this 24th day of March 2026.

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[8] *Compare Zamudio Sanchez*, No. 3:25-CV-00403, 2026 WL 596133, at *4 n.41 (W.D. Tex. Mar. 2, 2026) *with Zadvydas v. Davis,* 533 U.S. 678, 701 (2001).

[9] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").